UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LANCE CONWAY WOOD,<br><br>        Plaintiff,<br><br>    v.<br><br>BRENT REINKE, JOHANNA SMITH, SHELL WAMBLE-FISHER, JAY CHRISTENSEN, JEFF KIRKMAN, JILL WHITTINGTON, DAVID SIDWELL, JACOB SACKETT, and TEN JOHN and TEN JANE DOES, in their individual and official capacities,<br><br>        Defendants. | Case No. 1:11-cv-00355-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Plaintiff Lance Conway Wood, a prisoner in the custody of the Idaho Department of Correction, is proceeding pro se and in forma pauperis in this civil rights action. Now pending before the Court is Defendants' Motion to Dismiss for failure to state a claim upon which relief may be granted (Dkt. 35). Plaintiff has not responded to the Motion.

Having carefully reviewed the record, the Court finds that the decisional process would not be significantly aided by oral argument. Therefore, the Court will decide this matter on the written motions, briefs and record without oral argument. D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting Defendants' Motion and dismissing this case without prejudice.

**MEMORANDUM DECISION AND ORDER - 1**

# BACKGROUND

On June 2, 2010, Plaintiff filed his original civil rights case with several other plaintiffs in Case No. 1:10-cv-00277-REB, but the Court severed Plaintiff's case into this separate case, No. 1:11-cv-00355-EJL. Plaintiff's Second Amended Complaint alleges multiple claims of constitutional violations against various IDOC employees. (Dkt. 3.)

The Court initially reviewed the Second Amended Complaint pursuant to 28 U.S.C. § 1915A, and on January 4, 2012, entered an Order permitting Plaintiff to proceed with the following claims:

(1) "Against Defendant Smith under the First and Eighth Amendments for failing to protect Plaintiff from, or acquiescing in, ongoing retaliation and calculated harassment by the other Defendants";

(2) "Against Defendant Wamble-Fisher for First Amendment retaliation claims and Eighth Amendment calculated harassment claims related to Defendant Wamble-Fisher firing Plaintiff from his chapel job, not reinstating Plaintiff as a Life Transitions Program team member, and having Plaintiff's cell searched by Defendant Sackett and then having Plaintiff removed from his single cell";

(3) "Against Defendant Christensen under the First and Eighth Amendments for Plaintiff losing his word processor and other materials, losing his legal books and papers, losing his paid chapel job, losing his position as head facilitator of the Life Transitions Program, and losing his single cell";

(4) "Against Defendant Sidwell under the First and Eighth Amendments for placing negative reports in Plaintiff's institutional file, moving Plaintiff out of his single cell and unit, and having Defendant Sackett search Plaintiff's cell"; and

(5) "Against Defendant Sackett under the First and Eighth Amendments for repeatedly searching Plaintiff's cell, stealing Plaintiff's legal evidence and material, intimidating Plaintiff's witnesses and entering

**MEMORANDUM DECISION AND ORDER - 2**

false reports into Plaintiff's institutional file."

(Dkt. 8 at 9-10).

On March 21, 2013, the Court granted Defendants' Motion for Partial Summary Judgment, dismissing all of Plaintiff's claims for failure to exhaust administrative remedies *except* his claims, under the First and Eighth Amendments, that Plaintiff was unlawfully terminated from the Life Transitions Program (LTP). (Dkt. 34 at 14.) According to Plaintiff, the LTP

> was under the direction and care of the chapel and considered a chapel program. It consisted of twenty (20) prisoner volunteers that were required to be interviewed by a three (3) pannel [sic] committee to be hired, and received extensive hospice and bio-hazard training.
>
> . . . The LTP volunteers assisted medical and security personnel with a variety of tasks, conducted vigils, visited with patients, wrote letters, telephoned their families and friends, filled out concern forms, prepared legal packets, [and] provided church services and reading materials.

(Sec. Am. Compl., Dkt. 3, at ¶¶ 41-42.)

Plaintiff alleges that Defendant Wamble-Fisher (1) "fired plaintiff Wood from LTP for exercising his constitutional rights to seek redress of his concerns in court and through concerns"; "terminated the LTP out of retaliation for plaintiff Wood exercising his right to seek redress of constitutional issues and concerns, and for her strong dislike for the LTP because it was taking away from her phycho-babble [sic] programming"; and (3) "lied about the reasons the LTP was terminated and denied ever firing plaintiff Wood from the LTP." (*Id*. at ¶¶ 44, 47.) Plaintiff asserts that Defendant Smith "authorized

**MEMORANDUM DECISION AND ORDER - 3**

defendant Wamble-Fisher . . . to terminate the [LTP]" and that she was aware of other Defendants' improper conduct and "did not investigate or . . . do anything to prevent defendants [sic] retaliation [and] harassment." (*Id*. at ¶¶ 31, 27.)

## DISCUSSION

In the Initial Review Order, the Court noted that its decision allowing Plaintiff to proceed on some of the claims in the Second Amended Complaint was "not intended to be a final or a comprehensive analysis of Plaintiff's claims" and that "Defendants may still file a motion for dismissal or motion for summary judgment if the facts and law support such a motion." (Dkt. 8 at 11.) Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants now move to dismiss Plaintiff's remaining retaliation and calculated harassment claims regarding his the LTP program.

**1.      Standard of Law Applicable to a Motion to Dismiss**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim

**MEMORANDUM DECISION AND ORDER - 4**

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557 (alteration omitted).

The Supreme Court has identified two "working principles" that underlie this dismissal standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

2. **Section 1983 Claims**

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the

**MEMORANDUM DECISION AND ORDER - 5**

Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Section 1983 is "'not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

Prison officials are generally not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). This causal connection "can be established by setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury." *Id.* at 1207-08 (internal quotation marks, citation, and alterations omitted).

3.    **Retaliation Claims**

A First Amendment retaliation claim must allege the following: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that

**MEMORANDUM DECISION AND ORDER - 6**

prisoner's protected conduct, . . . that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Although a "chilling effect on First Amendment rights" is enough to state an injury, *Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir. 2001), "bare allegations of arbitrary retaliation" are insufficient to state a retaliation claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 n.4 (9th Cir. 1985). "A prisoner suing prison officials under section 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam); *see also Turner v. Safley*, 482 U.S. 78, 89 (1987) ("[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.").

But not every retaliatory act taken by an official can be considered an adverse action that chills the exercise of protected speech. The proper inquiry in determining whether a plaintiff has stated a viable retaliation claim "asks whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Mendocino Envt'l Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1300 (9th Cir. 1999) (internal quotation marks omitted). If it would not, then "the retaliatory act is simply *de minimis* and therefore outside the ambit of constitutional protection." *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003) (internal quotation marks omitted). *See also*

**MEMORANDUM DECISION AND ORDER - 7**

*Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006) ("The [*de minimis*] standard achieves the proper balance between the need to recognize valid retaliation claims and the danger of federal courts embroiling themselves in every disciplinary act that occurs in state penal institutions.") (internal quotation marks and alteration omitted); *ACLU of Maryland, Inc. v. Wicomico County*, 999 F.2d 780, 786 n.6 (4th Cir. 1993) (per curiam) ("[T]hese § 1983 plaintiffs suffered no more than a *de minimis* inconvenience and . . . , on the facts of this case, such inconvenience does not constitute cognizable retaliation under the First Amendment.").

Plaintiff's retaliation claims fail for at least two reasons. First, although Plaintiff asserts that Defendants acted with retaliatory motives when they terminated him from the LTP and discontinued the program, he offers nothing to support that conclusion other than his own subjective belief. The law is clear that such a belief is insufficient to state a viable retaliation claim under § 1983. *See Rizzo*, 778 F.2d at 532 n.4.

Second, even if the termination of Plaintiff and the closure of the LTP program were based on Plaintiff's exercise of constitutional rights, those actions must still be upheld as long as they were reasonably related to a legitimate penological interest. Plaintiff has not offered any allegations supporting a plausible inference that Defendants' actions "did not reasonably advance a legitimate correctional goal." *Rhodes*, 408 F.3d at 568.

4.   **Eighth Amendment Calculated Harassment Claims**

The Eighth Amendment to the United States Constitution protects prisoners

**MEMORANDUM DECISION AND ORDER - 8**

against cruel and unusual punishment. Inmates have an Eighth Amendment right to be free from "calculated harassment unrelated to prison needs." *Hudson v. Palmer*, 468 U.S. 517, 530 (1984). The United States Supreme Court has reiterated that the Eighth Amendment should be reserved for serious incidents causing "unnecessary and wanton infliction of pain," where such pain has been inflicted by prison officials' "deliberate indifference to the inmates' health or safety." *Hope v. Pelzer*, 536 U.S. 730, 737, 738 (2002) (internal quotation marks omitted). Further, in *McKune v. Lile*, the Court noted that, in determining whether a constitutional claim lies, "[c]ourts must decide whether the [facts] are closer to the physical torture against which the Constitution clearly protects or the *de minimis* harms against which it does not." 536 U.S. 24, 41 (2002). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987).

Plaintiff's Eighth Amendment claims fail because he has not alleged any facts that would suggest calculated harassment on the part of Defendants. The Second Amended Complaint contains only conclusory statements that Defendants violated the Eighth Amendment.

5. **Opportunity For Further Amendment**

The Court now considers whether Plaintiff should be given a third opportunity to amend his complaint. Amendments to pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure. That rule states that the Court "should freely give leave when

MEMORANDUM DECISION AND ORDER - 9

justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has explained the reasoning behind allowing the opportunity to amend:

> In exercising its discretion with regard to the amendment of pleadings, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities. This court has noted on several occasions that the Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a) . . . by freely granting leave to amend when justice so requires. Thus Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.

*Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (internal citations, quotation marks, and alterations omitted).

"In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," it is appropriate for a court to grant leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Although these factors are considered together, futility of amendment, by itself, is sufficient to justify the denial of a motion to amend. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

The Court concludes from Plaintiff's multiple attempts to amend, as well as from his failure to respond to Defendants' Motion to Dismiss, that he simply does not have the facts necessary to proceed on his retaliation and calculated harassment claims. Therefore, allowing further amendment would be futile. The Court will, however, dismiss the case

without prejudice to Plaintiff's asserting similar claims in some future action.

## ORDER

**IT IS ORDERED:**

1. Defendants' Motion to Dismiss (Dkt. 35) is GRANTED.

2. This case is DISMISSED without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(g).

DATED: **January 14, 2014**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 11**